972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Julian DuPONT, Defendant, Appellant.
 No. 92-1021.
 United States Court of Appeals,
First Circuit.
 August 4, 1992
 
 Appeal from the United States District Court for the District of New Hampshire
 Julian DuPont on brief pro se.
 Jeffrey R. Howard, United States Attorney, and Jean B. Weld, Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 On the record as developed in the district court, we agree with the district court's conclusion that the notice sent was reasonably calculated to notify appellant of the forfeiture proceeding and hence was constitutionally adequate. See Stateside Machinery Co. v. Alperin, 591 F.2d 234, 240-42 (3rd Cir. 1979) (service, sent to party's last known address, was reasonably calculated to apprise party of action, and adversary was not required to contact party's counsel in an effort to locate the party once service was returned unclaimed).
 
 
 2
 Appellant argues for the first time on appeal that in March 1989 when the notice was sent, the government had actual knowledge of appellant's new address. Appellant did not raise this argument below, however, and hence can not raise it for the first time on appeal. Moreover, the factors on which appellant relies for knowledge-the government's failure to assert change of address without notice as a ground for revocation of bail and the August 14, 1989 PSR's notation of appellant's new address-do not show that in March 1989 the government knew of appellant's change of address.
 
 
 3
 Appellant's motion for appointment of counsel is denied.
 
 
 4
 Affirmed.